IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CALCON MUTUAL MORTGAGE, LLC d/b/a ONETRUST HOME LOANS, | § § § | |
| *Plaintiff* | § § | |
| vs. | § § | Civil Action No. 1:24-CV-01582-RP |
| SOUTHWEST STAGE FUNDING, LLC d/b/a CASCADE FINANCIAL SERVICES, | § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, CALCON MUTUAL MORTGAGE, LLC d/b/a ONETRUST HOME LOANS ("Plaintiff") and files this Second Amended Complaint against Defendant, SOUTHWEST STAGE FUNDING, LLC d/b/a CASCADE FINANCIAL SERVICES ("Defendant"), pursuant to Local Court Rules of the United States District Court for the Western District of Texas (**Rule CV-15, Amendment of Pleadings**) and as grounds for same would show as follows:

## I.    INTRODUCTION

1.    On November 18, 2024, Plaintiff filed its Original Petition in Cause No. D-1-GN-24-009436, styled *CalCon Mutual Mortgage, LLC d/b/a OneTrust Home Loans vs Southwest Stage Funding, LLC d/b/a Cascade Financial Services*, in the 459th Judicial District Court of Travis County, Texas (the "Complaint").

2.      On December 26, 2024, Defendant filed its Notice of Removal [Dkt. 1].  In its motion for removal, Defendant pled diversity jurisdiction pursuant to 28 U.S.C. § 1332 and removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.      Defendant also pled as a basis for removal that this Court had original jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1331 because the Complaint enumerates claims for violations of Regulation Z of the Truth in Lending Act (TILA), violations of the Dodd-Frank Act, amongst other clams arising under federal law.

## II.    PARTIES

4.      Plaintiff, CALCON MUTUAL MORTGAGE, LLC d/b/a ONETRUST HOME LOANS, is a Delaware limited liability company doing business in Travis County, Texas and surrounding areas.

5.      Defendant, SOUTHWEST STAGE FUNDING, LLC d/b/a CASCADE FINANCIAL SERVICES, is a Arizona limited liability company headquartered in Maricopa County, Arizona and operating throughout the continental United States and the State of Texas.

## III.    VENUE

6.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.  28 U.S.C. § 1391(b)(2).

## IV.    FACTUAL BACKGROUND

7.      Defendant is a lender specializing in manufactured home loans throughout the continental United States with offices in Austin and surrounding cities.  These manufactured home loans are backed by Fannie Mae, Freddie Mac and the Federal Housing Administration.  As a

result, they are subject to the Truth in Lending Act, 15 U.S.C. 1601 et seq. and Regulation Z, 12 CFR 1026.42. Defendant is also subject to the Todd-Frank Wall Street Reform and Consumer Protection Act and Title XIV – Mortgage Reform and Anti-Predatory Lending Act. The aforestated legislation have "appraisal independence" requirements. Under the Todd-Frank Act, it is unlawful for any provider of consumer financial products or services, such as Defendant, to engage in any unfair, deceptive, or abusive act or practice. The Truth in Lending Act makes it unlawful to "influence an appraiser or otherwise encourage a targeted value in order to facilitate the making or pricing of the transaction". Plaintiff is a competitor of Defendant and is subject to the same restrictive laws.

8.      Palm Harbor and Titan are manufactured home retailers serving the Austin area. Until the middle of 2024, these retailers recommended a portion of their purchasers to utilize Plaintiff's lender service. Subsequently, it is now known that Palm Harbor and Titan prefer that their potential purchasers utilize a lender that will agree to use one appraiser, Freda Maynard. On information and belief, Defendant has agreed that they will utilize appraiser Freda Maynard to insure a needed valuation for the potential purchaser to qualify for loans. This, of course, violates the aforestated restrictions that insure appraisal independence. On information and belief, Defendant has influenced an appraiser, Freda Maynard, to encourage a targeted value in order to facilitate the making or pricing of the transaction. This violates the appraisal independence requirements of Dodd-Frank (Mortgage Reform and Anti-Predatory Lending Act). Because Plaintiff utilizes a panel of appraisers for potential purchasers of manufactured home in compliance with Regulation Z and other Federal statutes, it has been placed at a competitive disadvantage. Defendant has agreed to utilize Freda Maynard as a single appraiser to attract more business from Palm Harbor and Titan. As a result of Defendant's illegal/unlawful acts, Plaintiff has lost market

share as the result of the informal agreement between Defendant and manufactured home retailers serving the Austin area.

9.      It is illegal for lenders or mortgage brokers, such as Defendant, to steer consumers to only one appraiser when obtaining a mortgage.  The Dodd-Frank Act has appraisal independence requirements that prohibit lenders from directly or indirectly influencing appraisers or requiring borrowers to use a specific appraiser.  It also prevents lenders from coercing, extorting, or bribing appraisers to achieve a desired valuation.  On information and belief, Defendant has unlawfully violated these restrictions set forth in the Dodd-Frank Act.  The degree of violations are in documents under the total control of Defendant and can only be obtained through the discovery process.  Because of Plaintiff's refusal to ignore the appraisal independent requirement, they have lost the accounts set forth below to Defendant.  Additionally, Regulation Z of the Truth in Lending Act (TILA) (12 CFR §1026.42) provides that lenders must insure the appraiser's independence and prohibit practices that could compromise the objectivity of the appraisal. Defendant is steering borrowers to a specific appraiser (Freda Maynard) which is a form of undue influence or bias that is prohibited by Regulation Z.

10.      During the first half of 2024, Plaintiff had commenced processing loan applications for the following individuals:

a.      Borrower Name:  Schumann, Zachary.  Loan Amount: $431,931.  Loan No.: 2502409994

b.      Borrower Name:  Tobias Saucedo, Tereso.  Loan Amount: $391,281.  Loan No.: 2502406989

c.      Borrower Name:  Dunn, Rhoda.  Loan Amount: $294,173.  Loan No.: 2502405666

d.      Borrower Name:  Salas Acero, Armando.  Loan Amount: $287,218.  Loan No.:
2502406992

e.      Borrower Name: Brucks, Steven. Loan Amount: $444,795. Loan No.: 2502410034

Once the application process was initiated with the above applicants, it was probable that a loan
contract would be executed if applicants qualified.  In fact, at the time these borrowers requested
transfer to Defendant, Plaintiff had already commenced to arrange appraisals for the borrowers,
which was not a negotiation but a mandatory step in the loan application process.  Defendant
intentionally solicited the transfers and was aware that Plaintiff's contracts with the borrowers
were pending.  To obtain the transfers, Defendant unlawfully and with malice violated the
"appraisal independence" requirements under the Truth in Lending Act.  Attached as <u>Exhibit A</u> to
this Complaint is a copy of "FHA Connection" confirming Defendant was utilizing Freda
Maynard, as appraiser, for Rhoda Dunn, listed above, who was transferred from Plaintiff after
Plaintiff refused to violate appraisal independence requirements.

## V.      CAUSE OF ACTION

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

11.      Plaintiff realleges and incorporates all preceding paragraphs herein by reference.

12.      To state a claim for tortious interference with prospective business relations,
Plaintiff must allege facts that show:

> (1) there was a reasonable probability that the plaintiff would have entered into a
> business relationship with a third party; (2) the defendant either acted with a
> conscious desire to prevent the relationship from occurring or knew the interference
> was certain or substantially certain to occur as a result of the conduct; (3) the
> defendant's conduct was independently tortious or unlawful; (4) the interference
> proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage
> or loss as a result.

*WickFire, L.L.C. v. Woodruff,* 989 F.3d 343, 356 (5th Cir. 2021) (quoting *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013)).  To allege a tortious interference with prospective business relationship claim, there must be a "reasonable probability that the plaintiff would have entered into a business relationship with a third party" and "the defendant's conduct was independently tortious or unlawful."  *Id*. At 356 (quoting *Coinmach Corp.*, 417 S.W.3d at 923).  It is not necessary to prove that the contracts would have certainly have been made and the facts show the contracts were reasonably probable.  *Hill v Heritage Resources*, 946 SW 2d 89, 109 (Tex. App. – El Paso 1997, pet. denied).  Defendant's interference with the above borrowers proximately caused Defendant's damage in the form of loss loan revenues.

## VI.  **EXEMPLARY DAMAGES**

13.   Plaintiff realleges and incorporates all preceding paragraphs herein by reference.

14.   Plaintiff pleads for exemplary damages against Defendant because their unlawful acts were done knowingly, endangering, willfully and with malice as made actionable by Chapter 41 of the Texas Civil Practice & Remedies Code as well as applicable common law.

## VII.  **JURY DEMAND**

15.   Plaintiff has previously requested a jury trial and tendered the appropriate fee.

## VIII.  **PRAYER**

16.   For these reasons, Plaintiff asks that this Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

a.    actual damages;

b.    exemplary damages;

c.    prejudgment and post-judgment interest;

d.    court costs;

e.       all other relief to which Plaintiff is entitled; and

f.       for such other further relief as the Court deems just and equitable.


Respectfully submitted,


/s/ *Charles C. Frederiksen*
Charles C. Frederiksen
State Bar No. 07413300
cfrederiksen@gpm-law.com
James C. Erdle, Jr.
State Bar No. 24069680
jerdle@gpm-law.com
GLAST PHILLIPS MURRAY ZOPLOSKY
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972-419-8300
972-419-8329 – Telecopier
cfrederiksen@gpm-law.com

ATTORNEY FOR PLAINTIFF,
CALCON MUTUAL MORTGAGE, LLC
d/b/a ONETRUST HOME LOANS


### CERTIFICATE OF SERVICE

I certify that on **September 4, 2025**, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure as follows:

**Via CM/ECF**

Kathryn B. Davis
MCGLINCHEY STAFFORD, PLLC
1001 McKinney, Suite 1500
Houston, TX 77002
kdavis@mcglinchey.com

***Counsel for Defendant***


/s/ *Charles C. Frederiksen*
Charles C. Frederiksen

# EXHIBIT A



# FHA Connection

Case Query Results

SUCCESS

CASE QUERY SUCCESSFULLY COMPLETED
ALL BORROWERS PASSED SSN VALIDATION -NAME, SSN OR DOB CHANGES WILL
REVALIDATE

| | | | |
|---|---|---|---|
| FHA Case Number: | **514-3806802** | | |
| Borrower Name: | **DUNN, RHODA** | | |
| Property Address: | **118 FLINT RIDGE ST** | | |
| | **BASTROP TX 786020000** | | |

| | | | |
|---|---|---|---|
| Originator Name: | **SOUTHWEST STAGE FUNDING LLC** | | |
| Case Type: | **REGULAR DIRECT ENDORSEMENT (ADP Code 703)** | | |
| Endorsement Processed by: | **LENDER** | Binder Status: | **NOT REQUESTED** |
| Appraiser License: | **TX1334602** | Case Number Assigned Date: | **06/03/24** |
| Appraiser Name: | **MAYNARD, FREDA G** | Appraisal Logged Date: | **06/26/24** |
| Insurance Application Date: | **09/27/24** | Appraisal Update Processing Date: | |
| Insurance Date: | **09/27/24** | Closing Date: | **07/03/24** |
| Upfront MIP Due: | **$5,135.48** | Upfront MIP Received Date: | **07/05/24** |
| Upfront MIP Received: | **$5,135.48** | Upfront MIP Late Due? | **No** |
| Upfront MIP Factor: | **1.750%** | Annual MIP Factor: | **0.550%** |
| | | Annual MIP Factor at 78%: | **0.550%** |
| Appraised Value: | **$306,000.00** | TOTAL Score Date: | **06/26/24** |
| Loan Term: | **360** | Mortgage Amount: | **$298,591.00** |
| Closing Package Date: | **09/27/24** | Closing Package Resubmission Date: | |
| NOR Date: | | NOR Resubmission Date: | |
| Case Canceled Date: | | | |
| Last Action Date: | **09/27/24** | Principal Reduction: | |
| Last Action: | **INSURED** | | |
| **Endorsement Activity** | | | |
| Loan Balance at Final MIP Date: | **N/A** | | |
| Final Monthly MIP Payment Date: | **08/54** | | |

New Request

HSG/FHA Home Page | HUD Single Family Housing Page
HUD Multifamily Housing Page | HUDCLIPS | Lenders Information | Mortgagee Letters

https://entp.hud.gov/clas/html/f17cq.cfm