**FILED**
July 24, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CALCON MUTUAL MORTGAGE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1582-RP |
| | § | |
| SOUTHWEST STAGE FUNDING, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Dustin Howell concerning Defendant Southwest Stage Funding, LLC d/b/a Cascade Financial Services' ("Defendant") Motion to Dismiss Plaintiff Calcon Mutual Mortgage, LLC's ("Plaintiff") Second Amended Complaint, (Dkt. 17). (R&R, Dkt. 27). In his report and recommendation, the United States Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss, (Dkt. 17), dismiss Plaintiff's claims with prejudice, and deny Plaintiff's request to amend. (*Id.* at 10). Plaintiff timely filed objections to the report and recommendation. (Pl.'s Objs., Dkt. 28). Plaintiff also moved for leave to file a Third Amended Complaint ("TAC"), (Mot. for Leave to Amend, Dkts. 28, 32).[1]

## I. REVIEW OF REPORT AND RECOMMENDATION

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b). Because Plaintiff timely objected to the Report and Recommendation, the Court reviews the Report and Recommendation *de novo*.

[1] The proposed TAC is located on the docket at Dkt. 32-1.

Having conducted a *de novo* review, the Court agrees with the Magistrate Judge's legal analysis regarding Plaintiff's Second Amended Complaint, (Dkt. 16), and adopts that portion of the report and recommendation granting Defendant's motion to dismiss, (Dkt. 17). As the Magistrate Judge found, the allegations in the Second Amended Complaint are conclusory and do not allow the Court to plausibly infer that Defendant had the requisite intent or knowledge to prevent a specific business relationship between Plaintiff and a third party. *See Bradford v. Vento*, 48 S.W.3d 749, 757 (Tex. 2001); *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 123 (Tex. App.—El Paso 1997, pet. denied).

## II. LEAVE TO AMEND

In its Objections, Plaintiff requests leave to file a TAC. (Pl.'s Objs., Dkt. 28; Proposed 3d Am. Compl., Dkt. 32-1). Plaintiff represents that it retained new counsel on April 7, 2026, who "conducted additional investigation and identified specific additional facts and witness testimony directly addressing the deficiencies identified by the Magistrate Judge, including facts bearing on [Defendant's] knowledge, intent, and awareness that its conduct would interfere with pending loan transactions being originated by competing lender." (Pl.'s Objs., Dkt. 28, at 2). Plaintiff further contends that its new counsel learned of "new facts . . . of additional business practices engaged by [Defendant] that [Plaintiff] contends are unlawful and harmful to [Plaintiff's] ability to compete on a level playing field." (*Id.*). Plaintiff therefore seeks to replead its tortious interference claim and add an unfair competition claim to its TAC. (Proposed 3d Am. Compl., Dkt. 32-1, at 13–15). Though the deadline in the Scheduling Order to amend pleadings has passed,[2] Plaintiff contends it has shown good cause under Rule 16 to allow for an untimely amendment. (Pl.'s Objs., Dkt. 28; Reply in Support of Objs., Dkt. 32, at 1). Defendant responds that Plaintiff has failed to establish good cause because it never sought leave to amend during the eight months the motion to dismiss was pending

[2] The deadline to amend pleadings was set for July 30, 2025. (Scheduling Order, Dkt. 11).

and instead "waited until after receiving an adverse recommendation." (Def.'s Resp. to Objs., Dkt. 29, at 16).

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "good cause" standard focuses on the diligence of the party seeking to modify the scheduling order. *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). The movant must show that, despite his diligence, he could not reasonably have met the scheduling order's deadline. *Id.* In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. If the movant has shown good cause, then Federal Rule of Civil Procedure 15's more liberal standard applies to the Court's decision to grant or deny leave to amend. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Courts in the Fifth Circuit often allow a party to amend a pleading where they only learned of facts supporting their claims after the amendment deadline. *See, e.g.*, *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, No. CIV.A. 14-1112, 2015 WL 1415704, at *2–3 (E.D. La. Mar. 27, 2015) (listing cases and discussing when new information can provide good cause to grant leave to amend); *Thomas v. St. Joseph Health Sys.*, No. 5:20-CV-028-H, 2022 WL 4349319, at *6 (N.D. Tex. Sept. 19, 2022); *Mobius Risk Group, LLC v. Glob. Clean Energy Holdings, Inc.*, No. CIV.A. H-10-1708, 2011 WL 2193294, at *5 (S.D. Tex. June 6, 2011).

Regarding Plaintiff's diligence and explanation for the untimely amendment, the Court notes Plaintiff's representation, via an attorney declaration, that it was difficult to ascertain the late-discovered facts due to individuals employed by Defendant fearing retaliation.[3] As to potential

[3] Counsel for Plaintiff states that he spoke with a former employee of Defendant on May 28, 2026, one day before it filed its Objections to the report and recommendation. (*See* Harkless Decl., Dkt. 28-1, at 2 ("On May 28, 2026, I interviewed a former [manager for Defendant] ('Manager') . . . . Manager explained that he fears

prejudice to Defendant, the Court finds little to none: (1) the deadlines in this case were stayed by the Court pending resolution of the instant motion to dismiss, so the parties have yet to begin formal merits discovery; (2) the TAC's new facts and unfair competition claim relate to the already-existing facts and tortious interference claim, so the TAC would not fundamentally alter the case;[4] and (3) the TAC does not add any new parties. (*See* Text Order Dated December 17, 2025; Pl.'s Reply, Dkt. 32, at 2–3). *See Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (first citing *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 245 (5th Cir. 1997); and then quoting *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)) (disfavoring proposed amendments that "would fundamentally alter the nature of the case" and would "impose additional discovery requirements," while favoring proposed amendments that "merely propos[e] alternative legal theories for recovery on the same underlying facts"). Finally, in light of the fact that Plaintiff's amendments go directly to the heart of the deficiencies in its Second Amended Complaint, the proposed amendment is important. As such, the Court finds good cause for amendment. The Court also finds that amendment is not futile under Rule 15. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). The Court will therefore grant leave to amend.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin Howell, (Dkt. 27), is **ADOPTED IN PART**, such that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 17), is **GRANTED**, but that Plaintiff is granted leave to amend.

---

[Defendant] will retaliate against him or his current employer by filing a lawsuit if his name is provided here.")).

[4] Defendant was already on notice of a potential unfair competition claim, as Plaintiff's Original Petition filed in state court prior to removal included an unfair competition claim. (*See* Orig. Pet., Dkt. 1-1, at 6–7).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend, (Dkt. 32), is **GRANTED**, and that the Clerk of Court shall **FILE** Plaintiff's Third Amended Complaint, (Dkt. 32-1).

**SIGNED** on July 24, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE